## STATE EX REL. JIM MATTHEISEN v. DISTRICT COURT OF HENNEPIN COUNTY.

113 N. W. (2d) 166.

January 5, 1962—No. 38,416.

*Dorfman & Rudquist,* for petitioner.

*D. J. Shama,* Acting City Attorney, and *Joseph A. Hadley,* Assistant City Attorney, for City of Minneapolis, amicus curiae.

THOMAS GALLAGHER, JUSTICE.

This is here on an order to show cause why a peremptory writ of mandamus should not issue requiring the District Court of Hennepin County to take jurisdiction of defendant's appeal from a judgment of conviction in the municipal court of Minneapolis for violation of Minneapolis Code of Ordinances, § 853.110, which requires that places wherein liquor is permitted to be sold or served pursuant to "On-Sale" licenses "shall be closed and kept closed * * * between the hours of 1:15 a. m. and 5:00 a. m. on Sunday and between the

hours of 1:15 a.m. and 5:00 a.m. on any other day, * * *." The trial in municipal court was without a jury. Defendant's appeal from said conviction was pursuant to Minn. St. 484.471, which provides (L. 1959, c. 388):

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial."

On February 28, 1961, the District Court of Hennepin County denied defendant's motion requesting it to take jurisdiction of the appeal and ordered the case remanded to the municipal court for further proceedings there. In a memorandum attached to its order denying such motion, the district court set forth the following:

"The question involved is whether Section 484.471 Minnesota Statutes Annotated, allows appeals from convictions in the City of Minneapolis Municipal Court on ordinance violations, with a right to jury trial in the Hennepin County District Court.

"This section was enacted by the 1959 legislature as Chapter 388 and is entitled 'An Act Relating to Appeals From *Certain* Courts And the Right to Jury Trials Thereon' * * *. A first reading would indicate that all municipal court convictions of ordinance violations in the State of Minnesota are appealable to the District Courts, with a right to jury trial in that Court.

\* \* \* \* \*

"* * * the Municipal Courts of Minneapolis, St. Paul and Duluth, cities of the first class, have always been treated separately from other municipal courts of the state, in that such courts were set up by special acts. The Minneapolis Municipal Court Act * * * provides as follows [27 M. S. A. c. 488, Appendix 1, § 1, subd. 11]:

" '*Removal of causes to Supreme Court*. All causes may be removed from the municipal court to the supreme court of the State of Minnesota in the same manner, upon like proceedings and with like effect as from district courts.'

"This provision also appears in the St. Paul Act * * * [Id. c. 488, Appendix 3, § 43] in substantially the same form. The 1959 Legislature, which passed Section 484.471, also passed * * * an amendment to Section 43 of the St. Paul Act, which * * * added the following words:

" 'However, in the case of conviction for a violation of an ordinance appeal may be made to the district court whereupon the defendant shall be entitled to new trial in the district court, de novo, with or without a jury, but otherwise with all of the rights and subject to the procedures prescribed by Minnesota Statutes, Section 488.25.'

"In other words, the legislature which passed Section 484.471 also found it necessary to pass a special amendment to the St. Paul Municipal Court Act, which specifically provides that appeals from convictions of ordinance violations in St. Paul may be appealed to the District Court there, with a right to trial by jury. No such amendment was made to the Minneapolis Municipal Court Act.

"This Court is of the opinion that this was intentionally done; that the legislature did not intend Section 484.471 to apply to appeals from the Municipal Court of the City of Minneapolis, and we have accordingly ruled in the order to which this Memorandum is attached."

We are of the opinion that under § 484.471[1] defendant is entitled to appeal to the District Court of Hennepin County from his conviction in the municipal court of Minneapolis, and to be tried there by jury if demanded. In State v. Hartman, 261 Minn. 314, 322, 112 N. W. (2d) 340, 345, where defendant had been charged with driving after suspension of his driver's license in violation of a Minneapolis ordinance, and where his demand for a jury trial in the municipal court of the city of Minneapolis on this charge had been denied, this court recognized the applicability of the provisions of § 484.471 to the municipal court of the city of Minneapolis and stated:

---

[1]This section was amended by L. 1961, c. 683, § 7 (now Minn. St. 484.63), so that it now provides: "Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial if he was not tried by jury in the municipal court."

"Under the holdings in State v. Ketterer, [248 Minn. 173, 79 N. W. (2d) 136] and State ex rel. Sheahan v. Mulally, [257 Minn. 27, 99 N. W. (2d) 892] it is clear that the defendant has no constitutional right to a jury trial in the municipal court on the charge of driving without a license. As we pointed out in State v. Hoben, [256 Minn. 436, 98 N. W. (2d) 813] whether an alleged violator of an ordinance is to enjoy the right to a jury trial at any court level is a matter solely within the discretion of the legislature. On the municipal court level thus far the legislature has not chosen to grant it.

\* \* \* \* \*

"As has been shown, under L. 1959, c. 388 [§ 484.471], *applicable here,* the right of appeal to district court is available to a defendant convicted of a violation of a municipal ordinance and, if he has not had a jury trial in the municipal court, he may demand a jury trial upon the appeal.

"\* \* \* On the \* \* \* charge, driving after suspension of his driver's license, relator may appeal to the district court if convicted and have a jury trial at the district court level." (Italics supplied.)

By its terms, § 484.471 expressly authorizes appeals to the district court from convictions for violation of municipal ordinances "*in any court.*" (Italics supplied.) Had the legislature intended that such provision should have no application to the municipal court of the city of Minneapolis, it would have so provided in clear and definite language. It must follow that the District Court of Hennepin County should have assumed jurisdiction of defendant's appeal herein.

Let a peremptory writ of mandamus issue.