## STATE v. KRISTIN ANN FRISWOLD.

116 N. W. (2d) 270.

June 22, 1962—No. 38,702.

*Keith M. Stidd,* City Attorney, and *Paul T. Aitken,* Assistant City Attorney, for relator.

*Austin D. Norton,* for respondent.

ROGOSHESKE, JUSTICE.

A writ of prohibition was issued out of this court directed to the Hennepin County District Court and the Honorable Levi M. Hall, one of the judges. The writ required them to show cause why they should not be absolutely restrained from granting defendant, Kristin Ann Friswold, a jury trial in district court upon her appeal from a con-

viction in municipal court of Minneapolis of a violation of a city ordinance.

Defendant was charged with careless driving, a violation of a traffic ordinance of the city of Minneapolis.[1] She waived a jury trial and was found guilty by the court. She appealed to district court and demanded a jury trial pursuant to L. 1959, c. 388, *in effect when her appeal was perfected.* The city challenged her right to a jury trial in district court, and upon denial of that challenge, a continuance was granted for the purpose of allowing this proceeding.

Defendant's demand for a jury trial in district court is based solely upon the provisions of L. 1959, c. 388, as it read before its amendment by the 1961 legislature. At that time it provided:

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial."[2]

With a seeming disregard of the date when defendant's appeal was perfected and of the limiting effect of the 1961 amendment, the city insists that we should declare L. 1959, c. 388, invalid or inapplicable to Minneapolis. The city's main arguments appear to be that when the statute is applied to cases such as defendant's, it conflicts with the provision of the Minneapolis Municipal Court Act denying jury trials in ordinance violation cases,[3] and also with the uniformity requirements of Minn. St. 169.03 as construed by State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813; further, that when so applied it violates

---

[1] Minneapolis Code of Ordinances, § 403.010. It is a counterpart of Minn. St. 169.13, subd. 3, of the Highway Traffic Regulation Act.

[2] This statute, now Minn. St. 484.63, was amended by L. 1961, c. 683, § 7, to read as follows:

"Any person convicted of a violation of a municipal ordinance in any court may appeal from the conviction to the district court in the same manner and with the same effect as provided by Minnesota Statutes 1957, Chapter 633, except that the appellant shall have the right to a jury trial *if he was not tried by jury in the municipal court.*" (Itálics supplied.)

[3] Minn. St. 488A.10, subd. 6.

the equal protection clauses of the state and Federal constitutions. The explanation for the contentions that there exists a conflict with the uniformity requirement and constitutional provisions appears to be the preference resulting in favor of a traffic ordinance violator over a traffic statute violator. The city argues that the ordinance violator under the Hoben doctrine has the right to a jury trial in Minneapolis municipal court, and upon appeal, the right to a second jury trial in district court under this statute. The traffic statute violator prosecuted in Minneapolis municipal court has the right to a jury trial in the Minneapolis municipal court with no right of appeal to district court by reason of § 488A.01, subd. 11. Such unequal treatment, the city insists, is in irreconcilable conflict with the uniformity doctrine enunciated in the Hoben case. From this the city argues much mischief can result. A person in defendant's position can, as she did, deliberately choose the court in which she desires a jury trial and thereby secure an unfair preview of the prosecution's proof. The city further argues that allowing two jury trials would create serious problems in disposing of the large volume of cases on the court calendars of both the municipal and district courts and might result in shifting "the great bulk, if not virtually all, of these jury trials from the Municipal Court to an already heavily burdened District Court."

■ The city seems to concede that defendant has a right to a jury trial in district court under the provisions of the statute in question. At the time her case arose and her appeal was perfected, there can be no doubt that she had a right to a jury trial, if demanded, in both courts.

In State ex rel. Mattheisen v. District Court, 261 Minn. 422, 113 N. W. (2d) 166, we held that L. 1959, c. 388, granted an appeal to district court from a municipal court conviction for violation of a Minneapolis liquor ordinance and that its provisions were applicable to the Minneapolis municipal court and, in fact, to all municipal courts of the state without exception. The effect of this decision can only be that L. 1959, c. 388, superseded the provision of the 1955 Municipal Court Act denying jury trials in ordinance violation cases.

In State ex rel. Pidgeon v. Hall, 261 Minn. 248, 111 N. W. (2d) 472, we had held that L. 1959, c. 388, granted a jury trial in district

court to a defendant who appealed a conviction prosecuted under a traffic ordinance enacted by the city of Bloomington, even though the defendant had received a jury trial in the municipal court of that city.

Those decisions control here. From the effective date of c. 388, April 24, 1959, to July 1, 1961, when the 1961 amendment became effective, a defendant convicted in any municipal court of the state of a violation of a municipal ordinance had a right to appeal to district court and, upon demand, had a right to a jury trial in that court. Since July 1, 1961, under L. 1961, c. 683, § 7 (Minn. St. 484.63), his right to appeal to district court remains unchanged but such appeal will be tried by jury only if he was not tried by jury in the municipal court.

■ The preference granted to defendant by L. 1959, c. 388, does not violate the uniformity requirements of Minn. St. 169.03 as announced in the Hoben case. The thrust of that decision was to secure for traffic ordinance violators the uniform procedures intended by § 169.03 and not to denounce preferential treatment in favor of traffic statute violators.

It should be reiterated that the right of appeal of a person charged with an ordinance violation, including the right to a jury trial in either the municipal court or the district court or both, is solely within the discretion of the legislature.[4] Ordinance and statute violations have historically been classified and treated separately, both by the legislature and by the courts.[5] We do not perceive how the fact that an ordinance violator may receive two jury trials conflicts with the uniformity requirement of the Hoben case. This decision was made to insure to traffic ordinance violators basic constitutional and statutory safeguards equivalent to those afforded to traffic statute violators. It did not hold that such ordinance violators and such statute violators must be afforded identical treatment beyond these basic rights. The intent of the legislature in enacting § 169.03, as declared in the Hoben case, was to

---

[4] State v. Hartman, 261 Minn. 314, 112 N. W. (2d) 340; State v. Ketterer, 248 Minn. 173, 79 N. W. (2d) 136.

[5] State v. Ketterer, *supra.*

make uniform and equal procedures relating to these basic rights and not to require that the legislature treat each class equally or limit preferential treatment beyond these rights. Clearly, determining what additional procedural rights each class of violators shall be granted is a constitutional prerogative of the legislature. Thus, a preference temporarily granted to ordinance violators under L. 1959, c. 388, can in no wise be held to conflict with the requirement of uniformity announced in the Hoben case.

The city further argues that the preference resulting to defendant violates the equal protection clauses of the state and Federal constitutions.[6] The fact that ordinance violators are given preferential treatment, and then only for a short period of time, does not impress us as a very significant basis for attacking this statute on constitutional grounds. Unequal treatment of two distinct classes is also a constitutional prerogative of the legislature. It would seem that historical reasons alone would provide a sufficient basis for classifying these violators separately and treating each differently. The guaranty of equal protection of the laws requires that a reasonable basis for classification exist and no invidious discrimination be made against some members of a class.[7] Manifestly a reasonable basis for distinguishing traffic statute violators from traffic ordinance violators exists. Neither does the statute unjustly or irrationally discriminate against traffic statute violators by granting a temporary procedural preference to ordinance violators.

We have examined and carefully considered the two additional arguments of the city that the Pidgeon case and the Mattheisen case are distinguishable and should not control here; and that the title to L. 1961, c. 683, manifested a legislative intent that L. 1959, c. 388, was not intended to apply to the city. We find these arguments without sufficient merit to warrant extending this opinion.

Writ discharged.

---

[6]U. S. Const. Amend. XIV, § 1; Minn. Const. art. 1, § 2.
[7]State v. Meyer, 228 Minn. 286, 37 N. W. (2d) 3; 16A C. J. S., Constitutional Law, § 502.