54

HENRY LAHTI v. M. A. HANNA COMPANY.

120 N. W. (2d) 308.

March 1, 1963—No. 38,656.

*Paul J. Louisell,* for relator.
*Gannon & Dahle,* for respondent.

ROGOSHESKE, JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to an employee. In 1959 the employee filed his petition for disability benefits alleging that he was permanently totally disabled from silicosis due to employment in iron ore mining operations.

He began work in the mines in 1912 when he was 19 years of age. From that time until 1942 he was regularly employed as a contract miner in various underground mines at, or near, Hibbing, Minnesota. It was conclusively established that during this period he was exposed to the inhalation of silica dust occasioned by the nature of underground mining in confined areas. For reasons unexplained in the record he ceased working as a miner in September 1942 when he be-

came a carpenter's helper and worked aboveground. He was promoted to carpenter and continued his employment on the surface until December 7, 1956. From 1934 to 1940 his employer was Butler Brothers. Thereafter he worked for another employer until the fall of 1942 when he was employed by respondent, successor of Butler Brothers. On December 7, 1956, he was notified that he would be required to work outside and he requested that he be laid off because of the risk to his health from such work. He did not resume his employment, and on February 14, 1957, having reached the age of 65, he asked for, and received, retirement and began drawing a company pension.

Immediately prior to filing his claim in September 1959 he suffered disablement in that he had difficulty walking any distance; he was short of breath; he had difficulty climbing stairs; and he was susceptible to pneumonia and was advised by his physician that he could not work outside in the wintertime without grave danger to his health and life.

Both the referee and the commission found that the employee's disability was due to the disease of silicosis. The medical testimony unanimously diagnosed his disease as of the nodular state, no greater than stage 2, and that it was coupled with a moderate to mild degree of pulmonary emphysema. The evidence is undisputed that he first noticed some difficulty in breathing in the course of his work in 1949. Prior to that time he had been free of any symptoms of silicosis although the first X-ray taken of his lungs in 1949 by a mobile unit indicated radiologically that his lungs were affected. The employer was informed of this fact. In 1952 he was advised of the defect in his lungs which had been discovered from the 1949 X-ray. The employer began taking X-rays in 1954 and did so rather regularly thereafter. In 1954, 1956, and 1958 he contracted pneumonia, being hospitalized for about one week for each of the first two episodes. The record discloses no other period when he was disabled from work.

The employee claims that the disease of silicosis became totally disabling on December 7, 1956, and that the disease was occasioned by exposure to silica dust during the entire course of his employment.

The referee so found and ordered compensation. The commission reversed, finding that as a result of the disease of silicosis the employee suffers only temporary partial disability which was not preceded by any period of disease producing total disability; that the disease was caused by his exposure to silica dust during the 30 years when he was an underground miner; and that any exposure subsequent to April 24, 1943, (when silicosis was made a compensable occupational disease) did not aggravate, prolong, accelerate, or contribute to his preexisting silicotic condition.

Essentially, the appeal raises only the question whether there is evidentiary support to sustain the commission's findings of fact. Under well-settled rules governing our review of decisions by the commission,[1] we conclude there is ample evidence to sustain the decision here.

■ It is true that the testimony of the employee and one medical witness tends to support the claim of total permanent disability. However, we must agree with the commission that the evidence considered as a whole preponderates in favor of the finding that, as of December 7, 1956, his silicosis was causing only partial disability.[2] Moreover, the medical testimony required a finding that silicosis had never caused him any previous total disability. The opinions expressed by all doctors who testified were that the short periods of total disability occasioned by the episodes of pneumonia were unrelated to his silicosis. Minn. St. 176.664, which we have recently construed and applied,[3] explicitly provides in part that:

"Compensation is not payable for partial disability from silicosis * * * except where such partial disability follows a compensable period of total disability."

[1]Weber v. Printing, Inc. 263 Minn. 403, 116 N. W. (2d) 569; Anderson v. City of Minneapolis, 258 Minn. 221, 103 N. W. (2d) 397; Kellerman v. City of St. Paul, 211 Minn. 351, 1 N. W. (2d) 378.

[2]See, Richter v. Shoppe Plumbing & Heating Co. 257 Minn. 108, 100 N. W. (2d) 96.

[3]DeNio v. Western Alloyed Steel Castings Co. 258 Minn. 187, 103 N. W. (2d) 384.

The commission's determination of this aspect of the case is sufficient standing alone to require upholding the denial of benefits.

■ Similarly, while the testimony created a fact question, there is ample evidentiary support for the finding that there was no significant exposure to silica dust during the 14-year period of the employee's work above the surface of the mine. All medical experts, including the specialist in lung diseases appointed by the commission after the referee's decision, agreed that numerous X-rays taken over the period of 1949 to 1961 did not reveal any material changes in the appearance of the lung fields. It was the commission's responsibility to weigh the inferences to be drawn from this evidence against the other evidence which sought to establish that the employee did in fact inhale silica dust created and existing above the surface of the mine and his testimony that he suffered degenerative changes in his physical ability due to silicosis. Where a reasonable basis exists to support the commission's resolution of a fact issue, we are obliged to uphold its conclusion since it is charged with the factfinding function.

Apparently, the commission also predicated its decision upon its finding that the employee's exposure to silica dust occurred prior to the date when silicosis was made a compensable occupational disease.[4] It appears, however, that the act relating to occupational disease was expressly intended, with limitations, to afford benefits for disability due to silicosis where the disease had its inception prior to enactment of the act and its disabling effect upon bodily function became manifest thereafter.[5] One of the limitations on retroactive effect pertinent to the facts here presented is found in § 176.66, subd. 3, which provides:

"Neither the employee nor his dependents are entitled to compensation for disability or death resulting from occupational disease, unless

---

[4]L. 1943, c. 633, approved April 24, 1943.

[5]Minn. St. 176.66, subd. 9, provides: "The provisions of this chapter do not apply to disability or death resulting from a disease contracted prior to the date on which Laws 1921, Chapter 82, became effective, unless such disease is determined to be an occupational disease under the terms of Laws 1943, Chapter 633, and was compensable at the time it was contracted or in cases of silicosis or asbestosis as herein provided."

58

such disease * * * was contracted * * * within 12 months previous to the date of disablement; except in the case of silicosis * * * in which [case] disablement of the employee must occur within three years from the date of such employee's last exposure * * *."

This provision was part of the recommendations made by the Interim Committee on Occupational Diseases.[6] As the committee indicated, it was intended that the employer should not be liable for disability due to silicosis which had its inception prior to the effective date of the act unless a disability as defined in § 176.66, subd. 1, results within 3 years after the last exposure to the hazard of inhaling silica dust. Under the facts as found by the commission, the employee suffered no disability within the meaning of the act within the 3-year period following his last exposure in 1942.

Applying the language of § 176.66, subd. 3, we conclude that the commission's denial of benefits, while not supported by the reference in its opinion to the effective date of the act, must also be upheld on the ground that no disablement due to the disease occurred either during the period of the employee's exposure to the hazard of silica dust or within 3 years from the date of his last exposure in 1942, the commission having determined that his only disablement therefrom resulted on or about December 7, 1956.

Our decision in Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. (2d) 22, relied on by the employee, is not controlling because it is distinguishable on the facts. There the employee was found to have suffered disablement from silicosis within the meaning of § 176.66, subd. 1, in 1950, the year of his last exposure. Hence, compensation for total disability was allowed even though such did not occur until 1957.

Affirmed.

---

[6]Report of the Interim Committee on Occupational Diseases, January 1943.