CITY OF BLOOMINGTON v. HERMAN E. KOSSOW.

131 N. W. (2d) 206.

November 13, 1964—No. 39,616.

*Kempf & Ticen,* for relator.
*Dale J. Happe,* for respondent.

KNUTSON, CHIEF JUSTICE.

On April 2, 1964, at approximately 7:30 p. m., defendant was observed driving his automobile on Lyndale Avenue South in Bloomington on the wrong side of the street at approximately 50 miles per hour. He went through a red light and finally ran into a telephone pole, breaking it off. The police were called and observed defendant sitting in his car. He was given tests for sobriety, after which he was placed under arrest for public intoxication.

As a result of this occurrence, a complaint was filed in the municipal court of Bloomington on April 8, 1964, by the individual who observed him driving, charging him with a violation of Minn. St. 169.121, which prohibits driving an automobile while under the influence of intoxicating liquor. On the same day, a complaint was filed against him by a police officer, charging him with being intoxicated in a public place in violation of § 174.01(e) of the Bloomington City

Code. Defendant entered a plea of guilty to a violation of the city ordinance and thereafter moved the court to dismiss the charge under Minn. St. 169.121 on the ground that both were offenses within the meaning of Minn. St. 609.035, or were included crimes within the meaning of § 609.04, and therefore that conviction of one offense barred prosecution of the other. When the motion was denied, a writ of prohibition was obtained from this court.

Section 609.035 of the Criminal Code of 1963 was adopted as a replacement of our former § 610.21. The new provision reads:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The former section, Minn. St. 1961, § 610.21, read as follows:

"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished under only one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

Section 609.04, which is also part of the new code, reads:

"Subdivision 1. Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A lesser degree of the same crime; or
"(2) An attempt to commit the crime charged; or
"(3) An attempt to commit a lesser degree of the same crime; or
"(4) A crime necessarily proved if the crime charged were proved.
"Subd. 2. A conviction or acquittal of a crime is a bar to further prosecution of any included crime, or other degree of the same crime."

Prior to the adoption of the new code in 1963, our case law would have permitted prosecutions on both complaints on the theory that they

were separate offenses. State v. Ivens, 210 Minn. 334, 298 N. W. 50, is identical to the case now before us except that both charges were based on violations of city ordinances. There the plea of double jeopardy was denied. With respect to the similarity of the offenses, we said (210 Minn. 336, 298 N. W. 51):

"It is apparent that these ordinances denounce different offenses. Public safety in respect to the use of the streets is obviously the chief purpose of the ordinance of 1938. The first mentioned ordinance, in about the same language, has been in force since the city was organized and is to promote and preserve common decency. We think a violation of one is a distinct offense from that of a violation of the other. Had defendant been arrested drunk, seated in his car but not driving it, he could not have been convicted under the ordinance of 1938. We think our own decisions determine that the plea of former jeopardy was properly disposed of."

We have a number of other cases of similar holding. See, State v. Fredlund, 200 Minn. 44, 273 N. W. 353, 113 A. L. R. 215; State v. Winger, 204 Minn. 164, 282 N. W. 819, 119 A. L. R. 1202; State v. Thompson, 241 Minn. 59, 62 N. W. (2d) 512.

The decisions in these cases, however, are all based on lack of violation of the double-jeopardy clause of our constitution, as amplified by statute. While there are some aspects of § 609.035 that shade imperceptibly into the constitutional proscription against double jeopardy, the statute deals essentially with a prohibition against double punishment for multiple offenses arising out of the same conduct. By the express language of the statute itself, all offenses arising out of a person's conduct may be included in one prosecution by stating them in separate counts. There is nothing that bars conviction of several offenses arising out of the same conduct, but the statute does prohibit the imposition of punishment for more than one offense in such a situation.

The purposes in changing the language of the former statute (§ 610.21) are set forth in Report of Advisory Committee on Revision of the Criminal Law, which committee prepared the Criminal Code of 1963. The committee's comments may be found in 40

M. S. A. p. 57. A further comment by Professor Maynard E. Pirsig, who acted as reporter for the committee, may be found on page 58 of the same volume. It reads:

" 'Offense' is used in the section in the sense of a crime as defined in § 609.02, subdiv. 1. Hence, municipal ordinance violations are not included."

Section 609.02, subd. 1, reads:

" 'Crime' means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment or fine or both."

As far as this case is concerned, we may limit the application of the above statement to such prosecutions under municipal ordinances as do not come within the meaning of § 169.03. By that statute it is provided that local authorities may adopt traffic regulations which are not in conflict with the provisions of c. 169, but that, if a local ordinance to regulate traffic covers a subject for which a penalty is provided in the state law, the penalty provided for violation of such local ordinance shall be identical with the penalty provided in c. 169 for the same offense. In State v. Hoben, 256 Minn. 436, 444, 98 N. W. (2d) 813, 818,[1] in construing this statutory provision, we said:

"* * * As we interpret § 169.03, it was the intention of the legislature that the application of its provisions should be uniform throughout the state both as to penalties *and procedures,* and requires a municipality to utilize state criminal procedure in the prosecution of the act covered by § 169.03." (Italics supplied.)

We need not now determine whether a prosecution under a municipal ordinance that comes within the rule of the Hoben case would bar a subsequent prosecution under a statute for another offense arising out of the same conduct. For example, if a person should be charged and tried and either convicted or acquitted of driving a car while under

---

[1]See, also, City of St. Paul v. Ulmer, 261 Minn. 178, 111 N. W. (2d) 612; State ex rel. Pidgeon v. Hall, 261 Minn. 248, 111 N. W. (2d) 472; State v. Moosbrugger, 263 Minn. 56, 116 N. W. (2d) 68; State v. Friswold, 263 Minn. 130, 116 N. W. (2d) 270.

the influence of intoxicating liquor under a municipal ordinance, and later charged with criminal negligence arising out of the same conduct, would the trial under the ordinance be a bar to the later prosecution? We leave determination of that question until it is squarely before us.

There are valid reasons for excluding such ordinances as we have here from the term "offense" as used in § 609.035.[2] The quantum of proof necessary to sustain the conviction is different. Convictions under municipal ordinances such as these may be had on a fair preponderance of the evidence, while a conviction under a statute must be based upon proof beyond a reasonable doubt. While a defendant charged under a municipal ordinance may now be entitled to a jury trial either in the municipal court or the district court by virtue of § 484.63, the right to a jury trial is not the same as it is in a prosecution under state law. The right to a jury trial in prosecutions for violation of a municipal ordinance in such cases is based on statute and not upon the constitutional right to a jury trial.

The difference in the two types of municipal ordinance violations is set forth in State ex rel. Sheahan v. Mulally, 257 Minn. 27, 99 N. W. (2d) 892.[3]

It would be difficult, if not impossible, to join in one prosecution violations under a municipal ordinance and a state statute where the quantum of proof would be different. It thus seems quite clear that § 609.035 does not include within the term "offense" violations of a municipal ordinance such as we have here.

---

[2] See State v. End, 232 Minn. 266, 45 N. W. (2d) 378, holding that violation of a municipal ordinance is not an offense within the meaning of Minn. St. 617.23. In so doing we said (232 Minn. 273, 45 N. W. [2d] 382): "In this case, had the legislature intended to include prior convictions under a municipal ordinance for indecent exposure, it could easily have said so. The fact is that the legislature, in amending the law, merely said: 'Every person committing the offense herein set forth, after having once been convicted of such an offense in this state, shall be guilty of a gross misdemeanor.' This language contemplates only a prior conviction under the state law."

[3] See, also, State v. Hartman, 261 Minn. 314, 112 N. W. (2d) 340; State ex rel. Mattheisen v. District Court, 261 Minn. 422, 113 N. W. (2d) 166.

What has been said about § 609.035 applies equally to § 609.04. "Crime" as used therein refers to "crime" as defined in § 609.02, subd. 1. When the proper case arises, it may be determined that it also includes a violation of a municipal ordinance that comes within the purview of § 169.03. It does not include a municipal ordinance such as we have here.

We have been asked to determine the extent and scope of § 609.035 as applied to violations generally. We feel it is unnecessary to determine the scope of this statutory provision as applied to offenses which come within its meaning. Undoubtedly it was the intention of the drafters of the new criminal code, as well as the legislature, to change the meaning of Minn. St. 1961, § 610.21. Beyond that, we need not go at this time.

It follows that, there being no statutory bar to the prosecution involved, there was no lack of jurisdiction on the part of the court to try it. The writ is therefore discharged.