## STATE v. PAUL VINCENT LEININGER.

176 N. W. (2d) 629.

April 10, 1970—No. 42353.

*Christian & Gross* and *Loren Gross,* for relator.

*Keith M. Stidd,* City Attorney, and *Frederick W. Spencer,* Assistant City Attorney, for respondent.

PER CURIAM.

By alternative writ of prohibition dated December 22, 1969, the Municipal Court of Hennepin County was directed to show cause why it should not be prohibited from conducting a court trial without a jury in the action entitled State of Minnesota v. Paul Vincent Leininger.

Relator was charged with reckless driving in violation of Minneapolis Code of Ordinances, § 403.020, which is substantially the same as the proscription appearing in the Highway Traffic Regulation Act as Minn. St. 169.13, subd. 1. At arraignment in the municipal court, a request was made for a jury trial. The request was denied. The matter was set for trial upon the court calender. Relator's motion for a jury trial was renewed and again denied. Relator then applied to this court for relief

and the alternative writ of prohibition was issued. Relying on our decisions in State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591, and State v. Borst, 278 Minn. 388, 154 N. W. (2d) 888, relator now contends that he is entitled to a jury trial in the municipal court as a matter of constitutional right. See, Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. ed. (2d) 491.

1. In Minnesota, since State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813, a person charged with conduct violative of the Highway Traffic Regulation Act is entitled to a jury trial whether prosecuted under state statute or local ordinance. Were it true that this defendant had been denied a jury trial because prosecution was instituted under the Minneapolis ordinance rather than under the state statute, we would be compelled to agree with his position. But such is not the case.

Minn. St. 488A.10, subd. 6, provides in material part:

"A charge of a violation of any municipal ordinance * * * shall be heard, tried and determined by a judge without a jury, and the defendant shall have no right to a jury trial on such a charge, except as otherwise required by law. In the event of such trial without jury, there shall be a right of appeal as provided in Section 488.20 * * *."

Minn. St. 488.20 provides:

"Appeals may be taken in the district court of the county from the judgments of municipal courts in the same cases, upon the same procedure, and with the same effect as provided by law respecting appeals from justice courts, and all laws relating to such last named appeals shall be adapted and applied to appeals from the municipal courts. * * * On appeal to district court the appellant shall not be entitled to a trial by jury *if* trial by jury was held in municipal court." (Italics supplied.)

If a jury trial is not afforded in the municipal court, it will be afforded upon appeal to the district court. State ex rel. Pidgeon v. Hall, 261 Minn. 248, 111 N. W. (2d) 472. Since the trial in the district court is de novo, the failure to provide a jury trial in the municipal court is without legal prejudice.

Relator contends, however, that it is an unreasonable burden for him to have to defend the ordinance prosecution in the municipal court before obtaining a jury trial in the district court, and that this special procedure for ordinance prosecutions as distinguished from prosecutions for violation of statute constitutes an unreasonable classification in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. This argument ignores the fact that the

two-step procedure gives the defendant an additional opportunity to gain an acquittal. Furthermore, while a trial in the municipal court without a jury may inconvenience the defendant in quest of a jury trial, it will aid the municipal court significantly in the disposition of its heavy caseload. Nothing in this record persuades us that the two-step procedure places upon the defendant an unreasonable burden in light of the administrative necessities of the Municipal Court of Hennepin County. See, State v. Friswold, 263 Minn. 130, 116 N. W. (2d) 270.

2. Nor are we persuaded by relator's claim that § 488A.10, subd. 6, by prescribing a procedure for ordinance violation prosecution in Hennepin County different from that in other counties effectively denies him equal protection of the law in violation of U.S. Const. Amend. XIV. The concentration of population in that county and the resulting volume of municipal court litigation make it reasonable to limit a person charged with a traffic offense to the procedure described above. See, Williams v. Rolfe, 262 Minn. 284, 114 N. W. (2d) 671.

Writ discharged.