### LELAND DUANE BENSON v. STATE.

176 N. W. (2d) 631.

April 17, 1970—No. 41521.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Roberta K. Levy,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James J. O'Connor* and *James Kelley,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying defendant's petition for post-conviction relief.

In May 1952, defendant was convicted in Federal District Court in Tennessee of violating the Dyer Act by transporting a stolen motor vehicle in interstate commerce and by receiving and concealing a stolen motor vehicle, knowing that it was stolen.

In October 1958, defendant was convicted in Wilkin County, Minnesota, of forgery in the second degree. He had forged three checks for $115. He was sentenced to 20 years in prison by virtue of Minn. St. 1957, § 610.28, the habitual-offender statute. A stay of execution of sentence was granted and defendant was placed on probation. Defendant then left Minnesota, and on March 25, 1959, his stay of sentence was revoked. Defendant was not apprehended at that time because he was incarcerated in Missouri. A warrant of detention was filed with the Missouri officials.

On March 11, 1965, almost 6 years later, the county attorney of Wilkin County wrote to the Missouri Board of Probation and Parole as follows:

"Upon talking with the sheriff in this matter I believe that at this time you may consider this your authority to remove the detainer which we had previously filed against [Leland Benson]. In view of the circumstances we do not feel we wish to go through execution [extradition] proceedings to return him to Minnesota at this time."

In March 1966, defendant was released from the custody of the Missouri officials. He returned to Minnesota. He was apprehended on another charge in Wilkin County and sent to Stillwater to serve the sentence imposed on him on October 27, 1958.

A postconviction hearing was held and defendant raised two issues. First, he argued that Minn. St. 1957, § 610.28, does not apply to Federal convictions. Second, he contended that the county attorney's letter estops the state from revoking the stay of his sentence. The trial court denied all relief.

■ The penalty for second-degree forgery at the time defendant was convicted was imprisonment for not more than 10 years. Minn. St. 1957, § 620.11. A person convicted of a prior felony under the laws of Minnesota or "under the laws of any other state or country" if it is also a felony in Minnesota could receive a maximum sentence for second-degree forgery of 20 years, double the maximum provided for the crime itself, by virtue of the habitual-offender statute. Defendant's conviction under the Federal Dyer Act was also a felony under Minnesota law. The question then is whether the Federal conviction is a conviction under the laws of any other state or country within the meaning of Minn. St. 1957, § 610.28, which states:

"Every person who, after having been convicted in this state of a felony * * * or, *under the laws of any other state or country,* of a crime which, if committed in this state, would be a felony, * * * shall be punished as follows:

* * * * *

"(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction * * *." (Italics supplied.)

In the 1963 Criminal Code revision, § 610.28 was repealed and an analogous provision, Minn. St. 609.155, was enacted. This section provides for three types of prior convictions. They are prior convictions which occurred—

"(a)   In this state; or

"(b) In another state and were for crimes which would have been felonies if they had been committed in this state; or

"(c) In a federal court."

The comments of the advisory committee on this section indicate that Federal convictions were included for the first time in the 1963 law and that they were excluded by § 610.28 in the 1957 law. 40 M. S. A. p. 148. We think this is correct. See, for example, Newton v. State, 56 Okla. Cr. 391, 40 P. (2d) 688, where the court considered Okla. Stat. 1931, § 1820, which dealt with persons "convicted in any other state, government or country of an offense which, if committed within this State, would be punishable by the laws of this State by imprisonment in the penitentiary." That court said the section—

"* * * is all embracing in its terms. It not only includes a conviction in another state, but one in any other government or country. If it were limited to a conviction *in another state or country, there would be much more force to the argument that the United States is not included*." (Italics supplied.) 56 Okla. Cr. 397, 40 P. (2d) 690.

Cases holding habitual-offender statutes include Federal convictions have involved statutes phrased in more all-inclusive terms. See, State v. Brinkley, 354 Mo. 337, 189 S. W. (2d) 314; People v. McCullough, 300 N. Y. 107, 89 N. E. (2d) 335. Thus, the wording of Minn. St. 1957, § 610.28, is not sufficiently all-embracing to include Federal convictions and for this reason the statute was reworded in 1963 to include Federal convictions. The trial court, therefore, had no authority in 1958 to impose more than a 10-year sentence for defendant's forgery conviction. Defendant's sentence is therefore changed to 10 years to comply with the law in force when the sentence was imposed.

■ Defendant claims that the stay of his sentence cannot be revoked because the county attorney wrote the Missouri officials that he did not want "to go through execution proceedings to return [Benson] to Minnesota at this time." It is obvious that the

county attorney meant "extradition" rather than "execution" proceedings. There is no room for any reasonable reliance otherwise. In any event, defendant's contention is without any merit; see State v. Pederson, 251 Minn. 372, 88 N. W. (2d) 13, in which this court has held that the state cannot be estopped by action of its officers or employees beyond their authority.

Reversed in part and affirmed in part.