LAWRENCE K. GRABER v. PETER LAMETTI CONSTRUCTION COMPANY AND OTHERS.

197 N. W. 2d 443.

March 24, 1972—No. 42738.

*Daniel B. Gallagher* and *Ronald E. Erickson,* for relator.

*Mordaunt, Walstad, Cousineau & McGuire* and *Robert J. McGuire,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

Rogosheske, Justice.

Certiorari to review a decision of the Workmen's Compensation Commission denying disability benefits to employee, Lawrence K. Graber, on the ground that under Minn. St. 176.66, subd. 3,[1] his disablement from silicosis occurred more than 3 years after his last exposure to silica dust while in the employment of Peter Lametti Construction Company and Ashbach Construction Company, a joint venture. The employee contends principally that the 3-year limitation provided by § 176.66, subd. 3, should be construed so that disability benefits for the disease of silicosis should be permitted when an employee makes his claim within 3 years after the disease manifests itself so as to interfere with bodily functions. The plain and unambiguous language of this statute after its amendment in 1949, however, indicates that the legislature intended to bar recovery of such benefits in every case where the employee suffers no disability within 3 years from the date of his last exposure to silica dust. Lahti v. M. A. Hanna Co. 265 Minn. 54, 120 N. W. 2d 308 (1963). Moreover, contrary to the employee's argument, we do not believe this legislative change invidiously discriminates against this employee as compared to those employees who, by happenstance, suffer disability within the required 3 years from the date of last exposure. Therefore, much as we may disagree with the legislative

---

[1] Minn. St. 176.66, subd. 3, provides in part: "Neither the employee nor his dependents are entitled to compensation for disability or death resulting from occupational disease, unless such disease is due to the nature of his employment as defined in section 176.011, subdivision 15, and was contracted therein within 12 months previous to the date of disablement; *except in the case of silicosis or asbestosis, in which cases disablement of the employee must occur within three years from the date of such employee's last exposure with an employer in an employment to the nature of which the disease may have been a hazard,* * * *." (Italics supplied.)

enactment, we are compelled to affirm the commission's decision.

The employee had been continuously employed by Lametti Construction Company since 1950. From January 23, 1963, to March 21, 1964, he operated a "mole" machine in the construction of an underground tunnel being constructed by his employer and Ashbach in a joint venture. Silica dust was extensively prevalent in the tunnel near the machine while it was in operation despite ventilation shafts every 500 to 800 feet. He worked 8 hours a day for 6 days a week until the tunnel was completed in March 1964. During this work period, he wore a mask but had to take it off to give directions to fellow employees, and despite the mask, dust adhered to his face around his nostrils and mouth. After the tunnel was completed, he returned to operating a bulldozer. In 1968 he learned another Lametti worker had contracted tuberculosis, prompting him to have a chest X-ray which revealed fibrotic density in his lungs. He was then sent to Mineral Springs Sanatorium, where, as a result of his examination from November 13 to November 16, 1968, it was concluded that he had contracted silicosis.

Employee then petitioned the Workmen's Compensation Commission for temporary total disability and $65.40 medical expenses. The compensation judge found that the employee did contract silicosis while working on the tunnel, and that he sustained temporary total disability while hospitalized, and ordered his past and future medical expenses paid. On appeal, the Workmen's Compensation Commission affirmed the finding that the employee contracted silicosis but denied relief because the 3-year limitation in § 176.66, subd. 3, had run. Respondents question whether or not the employee's pulmonary fibrosis was in fact silicosis, but since there is a reasonable evidentiary basis in the record for that finding, we are obliged to affirm it. Lahti v. M. A. Hanna Co. *supra;* Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. 2d 22 (1962); Ulve v. Bemidji Co-op. Creamery Assn. 267 Minn. 412, 127 N. W. 2d 147 (1964).

Silicosis is a progressive accumulation of silica-laden dust in the lungs which creates a condition that eventually renders the lungs incapable of supplying oxygen to the blood. A long period of dust infiltration and accumulation, and development of blockage of the lungs, usually takes place before there is manifest impairment of one's bodily functions. Yaeger v. Delano Granite Works, 236 Minn. 128, 52 N. W. 2d 116 (1952); and see, Kress v. Minneapolis-Moline Co. 258 Minn. 1, 102 N. W. 2d 497 (1960). Realizing the creeping nature of silicosis, the employee, despite only minimal disability and medical expense, sought to have the commission fix liability for his anticipated future disability.

Silicosis was included as a statutory occupational disease in 1943. With respect to limitations barring recovery of disability benefits for occupational diseases, L. 1943, c. 633, § 4, subd. 3, amended the then existing statute of limitations to read in pertinent part:

"Neither the employee nor his dependents are entitled to compensation for disability or death resulting from occupational disease, unless such disease * * * was contracted therein within twelve months previous to the date of disablement; except in the case of silicosis or asbestosis, in which cases the disease must have been *contracted* within three years previous to the date of disablement." (Italics supplied.)[2]

The language in § 176.66, subd. 3, referring to silicosis or asbestosis was altered by L. 1949, c. 500, § 1, to read:

"* * * [E]xcept in the case of silicosis or asbestosis, in which cases disablement of the employee must occur within three years from the date of such employee's *last exposure* with an employer

---

[2] The intent of the legislature in limiting compensation to those instances when disability manifested itself within 3 years of contracting the disease was to limit the employers' retroactive liability where there was substantial exposure of employees to silica dust before silicosis became compensable. Lahti v. M. A. Hanna Co. 265 Minn. 54, 120 N. W. 2d 308 (1963).

in an employment to the nature of which the disease may have been a hazard." (Italics supplied.) [3]

The language of the statute as amended in 1949 remains the same today. At a glance, the distinction between "contracted" and "last exposure" does not appear significant. But in Yaeger v. Delano Granite Works, *supra,* which was decided in accord with the 1943 statute because the 1949 amendment was approved after the employee's disability, this court recognized the surfacing malignancy of silicosis and ruled that this disease is "contracted" when the clinical symptoms appear and not when silica is deposited in the lungs, and that contracting is a process which does not cease until physical impairment manifests itself. In essence, the employee urges that this same rationale in construing "contracted" should be applied to the present statute so that the 3-year limitation would not begin to run against him until the silicosis was manifested at his examination in November 1968 as opposed to his date of last exposure to silica dust in March 1964.

There is some compulsion to agree with the employee, for although we have not directly faced the issue of whether the legislature intended by the 1949 amendment to equate the date of last exposure to the hazard with the date of contracting the disease, in dealing with similar issues on several occasions since the 1949 amendment, we have approved the legislature's sympathetic understanding of the nature of silicosis and our own construction of "contracted" in the Yaeger decision. [4] Nevertheless, to

---

[3] The original bill, House File 168, was amended from 5 years to 3 years in committee. Journal of the House 1949, p. 1818.

[4] Kress v. Minneapolis-Moline Co. 258 Minn. 1, 102 N. W. 2d 497 (1960) (when disability caused by silicosis takes place); Kalmes v. Kahler Corp. 258 Minn. 105, 103 N. W. 2d 203 (1960) (contraction of tuberculosis); Anderson v. City of Minneapolis, 258 Minn. 221, 225, note 4, 103 N. W. 2d 397, 400 (1960) (presumption of a fireman's contracting coronary sclerosis 12 months before the date of disablement). See, Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. 2d 22 (1962).

now hold that the "date of * * * last exposure" is synonymous with "contracted" would be to blatantly tamper with statutory language and render the 1949 amendment a nullity. We are not at liberty to construe statutory language that is precise and unambiguous. Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689 (1960). Section 176.66, subd. 3, as now amended, clearly indicates the legislature intended a strict denial of compensation for disability due to silicosis in every case where the disability does not occur within 3 years after the employee's last exposure to the hazard. Since the employee's last exposure to silica dust was in March 1964 and his disablement occurred at the earliest in November 1968, the commission's decision must be affirmed.

Because by definition silicosis may take considerable time to effect disability, the present statute may deny the relief to many claimants who do not manifest any disability within the 3-year period from their last exposure to silica dust. For example, two employees exposed to the same occupational hazard of silica dust at the same time may be treated differently: One employee may be disabled within 3 years and receive compensation, and the other will be denied recovery merely because of the peculiar operation of the disease within his body. We are, however, unable to agree with the employee's contention that this discrimination is invidious and in violation of the constitutional guaranty of equal protection of the laws.[5]

Whether the protection of the laws is unequal, and therefore unconstitutional, depends upon a finding that a legislative enactment operates in a different way upon those who are among the same class. State ex rel. Ahern v. Young, 273 Minn. 240, 141 N. W. 2d 15 (1966). But it is not enough to show mere disparity in treatment of members of a class; the guaranty of equal protection permits statutory discrimination if there is a reasonable basis founded in a legitimate state interest, that is to say, if there is no invidious discrimination fostered against some members of the class. State v. Friswold, 263 Minn. 130, 116 N. W. 2d 270

---

[5] U. S. Const. Amend. XIV, § 1; Minn. Const. art. 1, § 2.

(1962); Dandridge v. Williams, 397 U. S. 471, 90 S. Ct. 1153, 25 L. ed. 2d 491 (1970).

Here, the state has a legitimate interest in barring claims for compensation in which evidence of causal relationship of the hazard to the disease may become stale for both the employee and employer. The 3-year period may effect a harsh result for this employee, but because of the nature of silicosis, an even considerably longer period of limitation might effect as harsh a result for certain other employees. Quite likely the legislature was persuaded in 1949 that if silicosis does not manifest itself within 3 years of an employee's last exposure to silca dust, proof both medically and otherwise that an employment hazard caused the disease is so speculative and uncertain as to be unreliable. While advances in medicine since 1949 might not today support such a conclusion, and we may urge (if such be the case) that the prior language of the statute be restored, it is not our prerogative but that of the legislature to balance the legitimate interests involved. See, DeNio v. Western Alloyed Steel Castings Co. 258 Minn. 187, 103 N. W. 2d 384 (1960).

Whether the employee's claim for medical expenses is also barred as "compensation for disability" was an issue only inferentially raised. Since it was neither adequately briefed nor presented and does appear to be distinct from the issue decided, we reserve decision.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.