## CITY OF ST. PAUL v. BRUCE A. HITZMANN AND OTHERS.

204 N. W. 2d 417.

February 9, 1973—No. 43955.

302

*Kenneth J. Fitzpatrick,* City Attorney, and *A. Keith Hanzel,* Assistant City Attorney, for petitioner.

*Michael F. Fetsch* and *Richard H. Knutson,* Legal Assistance of Ramsey County, Inc., for respondents.

OTIS, JUSTICE.

This matter is before the court on a petition brought by the city of St. Paul to secure a writ of prohibition enjoining the St. Paul municipal court from granting the defendants jury trials in prosecutions for violating city ordinances. The only issue is whether defendants have been denied equal protection of the laws because the statute directs jury trials in the first instance for ordinance violations in all of the counties except Hennepin, Ramsey, and St. Louis, where that right is conferred only on appeal to the district court. On the authority of State v. Leininger, 286 Minn. 555, 176 N. W. 2d 629 (1970), we hold the defendants are not entitled to a jury trial in the municipal court of the city of St. Paul and accordingly the writ is made absolute.

The Leininger case arose out of an ordinance violation in Hennepin County in December 1969 before enactment of the County Court Act, L. 1971, c. 951. That matter came before us to compel the Hennepin County Municipal Court to grant the defendant a jury trial on the authority of Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. ed. 2d 491 (1968). We held that Minn. St. 1969, § 488A.10, subd. 6,[1] which applied specifically to Hen-

---

[1] Minn. St. 1969, § 488A.10, subd. 6, provided: "A charge of a violation of any municipal ordinance * * * shall be heard, tried and determined by a judge without a jury, and the defendant shall have no right to a jury trial on such a charge, except as otherwise required by law. In the event of such trial without jury, there shall be a right of appeal as provided in section 488.20 * * *."

nepin County and directed ordinance violations to be tried without a jury, was constitutional because defendant had a right to jury trial on appeal under § 488.20.[2] We said (286 Minn. 557, 176 N. W. 2d 631):

"* * * [W]hile a trial in the municipal court without a jury may inconvenience the defendant in quest of a jury trial, it will aid the municipal court significantly in the disposition of its heavy caseload. Nothing in this record persuades us that the two-step procedure places upon the defendant an unreasonable burden in light of the administrative necessities of the Municipal Court of Hennepin County."

The question of equal protection was also raised in the Leininger case. The defendant there complained that because the offense charged was a traffic violation under an ordinance substantially similar to the statute, the rule adopted in State v. Hoben, 256 Minn. 436, 98 N. W. 2d 813 (1959), required a jury trial notwithstanding the denial of that right by the amendment to § 488A.10, subd. 6, enacted by Ex. Sess. L. 1967, c. 50, § 3. Because the statute apparently abrogated the Hoben rule only in Hennepin County, it was argued in Leininger that defendant was denied equal protection of the laws. We disposed of that contention by holding that the jury trial in district court satisfied the equal protection mandate, and concluded by observing (286 Minn. 557, 176 N. W. 2d 631):

"* * * The concentration of population in that county and the resulting volume of municipal court litigation make it reasonable to limit a person charged with a traffic offense to the procedure described above."

---

[2] Minn. St. 1969, § 488.20, provided in part: "Appeals may be taken to the district court of the county from the judgments of municipal courts in the same cases, upon the same procedure, and with the same effect as provided by law respecting appeals from justice courts, and all laws relating to such last named appeals shall be adapted and applied to appeals from the municipal courts."

The state public defender, as amicus curiae in a companion case, attempts to distinguish Leininger by pointing out that "Leininger was decided before the County Court Act of 1971, which created the separate classifications." In so far as our statutes confer or deny the right to jury trials in prosecutions for ordinance violations, they have been characterized in these proceedings, with considerable justification, as a "mishmash." The county court bill adopted by the 1971 legislature grants jury trials for ordinance violations, Minn. St. 487.25, subd. 6, except in Hennepin, Ramsey, and St. Louis Counties, which are excluded by § 487.01, subd. 4. Other statutes deny the right to jury trials in metropolitan municipal courts for ordinance violations. §§ 488.04, subd. 5(c); 488A.10, subd. 6; 488A.27, subd. 6; 488A.35, subd. 3(e). However, that right is conferred when appeals are taken to the district court under Minn. St. 488.20 as that statute was construed in State v. Leininger, *supra*.

Out of this welter of statutes[3] emerges a consistent pattern of treating the metropolitan counties differently from the other 84 counties. The Leininger case articulated the justification for such a policy. Since that time, the United States Supreme Court has touched on the question in Baldwin v. New York, 399 U. S. 66, 71, 90 S. Ct. 1886, 1889, 26 L. ed. 2d 437, 442, note 17 (1970). A. B. A. Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft, 1968) § 1.1(b), has approved the two-tier concept.[4] A commentary on the standard states:

---

[3] See, also, § 484.63.

[4] The applicable standard reads thus: "1.1   Right to jury trial.

"Defendants in all criminal cases should have the right to be tried by a jury of twelve whose verdict must be unanimous, except that where not barred by applicable constitutional provisions, the right to jury trial may be limited in one or more of the following ways:

\* \* \* \* \*

(b)  by requiring trial without jury for lesser offenses, provided there is a right to appeal without unreasonable restrictions to a court in which a trial de novo by a jury may be had."

"Section 1.1(b) of the standard merely recognizes that a state might, consistent with the standard, provide for a procedure of this kind. If confined to relatively minor offenses, those which would not require an extended trial if tried without a jury, the procedure would appear to be a reasonable accommodation between the public interest in the prompt disposition of criminal cases and the interest of defendants in trial by jury. The initial trial without jury will eliminate the need for jury trials in many cases, either because the defendant is acquitted or because it becomes reasonably apparent that a jury would likewise convict on the evidence presented."

In Baldwin v. New York, *supra*, the United States Supreme Court recognized "the benefits which result from speedy and inexpensive nonjury adjudications" (399 U. S. 73, 90 S. Ct. 1890, 26 L. ed. 2d 443) where the penalty is less than 6 months' imprisonment, but held that cases permitting longer confinement required jury trials. The New York statute there under consideration allowed jury trials for certain misdemeanors except for trials conducted in New York City. In a footnote the court stated (399 U. S. 71, 90 S. Ct. 1889, 26 L. ed. 2d 442, note 17) :

"* * * Because of our disposition of this case on appellant's jury-trial claim, we find it unnecessary to consider his argument that New York has violated the Equal Protection Clause by denying him a jury trial, while granting a six-man-jury trial to defendants charged with the identical offense elsewhere in the State. See *Salsburg v. Maryland,* 346 U. S. 545 [98 L. ed. 281, 74 S. Ct. 280] (1954); * * *."

The Salsburg case affords some clue to the Supreme Court's attitude. There a Maryland statute was held not to violate the Equal Protection Clause because it permitted evidence obtained through an illegal search to be received in the courts of some counties and not in others. In so holding, the court said (346 U. S. 551, 74 S. Ct. 283, 98 L. ed. 288) that "[t]he Equal Protection Clause relates to equality between persons as such rather

than between areas." The court reaffirmed the view that this provision of the Fourteenth Amendment "means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances." The court concluded by holding (346 U. S. 553, 74 S. Ct. 285, 98 L. ed. 289) :

"* * * [I]n matters related to concentrations of population, the state government might well find reason to prescribe, at least on an experimental basis, substantive restrictions and variations in procedure that would differ from those elsewhere in the State. Criminal law provides a long-established field for such legislative discretion."

On the authority of Leininger and Salsburg we hold that the granting of a jury trial in the first instance for ordinance violations in all but three counties of the state does not deny equal protection of the laws to defendants in the metropolitan counties who must wait until they reach the district court to receive a jury trial. The writ of prohibition is therefore made absolute.

Writ made absolute.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.