## VILLAGE OF VADNAIS HEIGHTS v.
## JIMMIE PRESTON BEARDSLEY.

207 N. W. 2d 339.

May 2, 1973—No. 44356.

*Torinus & Knutson* and *Louis E. Torinus,* for petitioner.
*Roger Jensen,* Village Attorney, for respondent.

PER CURIAM.

This matter is before the court on a petition for a writ of prohibition to enjoin the municipal court of the village of Vadnais Heights from trying the petitioner on May 3, 1973, without a jury, for driving under the influence of an alcoholic beverage and for driving with 0.10 percent or more by weight of alcohol in his blood in violation of village ordinances.[1]

The village contends that our decision in City of St. Paul v. Hitzmann, 295 Minn. 301, 204 N. W. 2d 417 (1973), forbids jury trials for ordinance violations except on appeal to the district court. Petitioner, on the other hand, argues that the Hitzmann case did not overrule our decision in State v. Hoben, 256 Minn.

---

[1] The equivalent state law is found in Minn. St. 169.121, subd. 1(a) and (d).

436, 98 N. W. 2d 813 (1959). Hoben held that Minn. St. 169.03 evidenced a legislative intention to apply uniform penalties and procedures, including the right to a jury trial, in the prosecution of traffic violations throughout the state.

In the Hitzmann opinion we referred only obliquely to the Hoben rule. We now hold that our decision in Hitzmann was not intended to change the rules governing jury trials in traffic matters adopted in Hoben. Accordingly, a peremptory writ of prohibition will issue enjoining the municipal court of the village of Vadnais Heights from trying petitioner without a jury for the offense of driving under the influence of an alcoholic beverage.

With respect to the charge of driving with a blood content of 0.10 percent or more by weight of alcohol, we held on April 13, 1973, in In re Driver's License of LeClaire v. Hoaglund, 296 Minn. 85, 208 N. W. 2d 90, that under the equivalent state law, Minn. St. 169.121, subd. 1(d), that offense constitutes a petty misdemeanor. Accordingly, defendant is not entitled to a jury trial under Minn. St. 169.89, subd. 2, unless the charge includes circumstances which, under § 169.89, subd. 1, constitute a misdemeanor. Since on the record before us the ordinance violation of driving with a blood content of 0.10 percent or more by weight of alcohol appears to be a petty misdemeanor, the writ is denied as to that charge.

Peremptory writ of prohibition to issue as to offense of driving under influence of an alcoholic beverage.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.