## BILL DYER SUPPLY COMPANY, INC. *v.* STATE OF ARKANSAS

CR 73-90             502 S.W. 2d 496

Opinion delivered December 3, 1973
[Rehearing denied January 14, 1974.]

*Kent J. Rubens* and *Oscar Fendler,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, the operator of a discount store near Blytheville, was fined $50 for having sold certain articles on Sunday in violation of our Sunday closing laws. Ark. Stat. Ann. §§ 41-3812 *et seq.* (Supp. 1971). The only issue raised on appeal is the constitutionality of the statutes.

Such statutes have been sustained so frequently by this court and by the Supreme Court of the United States that an extended discussion is unnecessary. In fact, the appellant concedes that most of its available contentions have already been rejected and are therefore not reargued. Under our practice the appellant waives any contention that is not argued. *Sarkco, Inc.* v. *Edwards,* 252 Ark. 1082, 482 S.W. 2d 623 (1972).

The trial in the court below was perfunctory, the parties merely stipulating to facts showing that the defendant had sold articles on Sunday in violation of the statutes. It is now insisted that our Sunday closing laws are not sufficiently comprehensive to achieve the legislative purpose of creating a uniform day of rest. That argument was rejected in *Two Guys From Harrison-Allenton* v. *McGinley,* 366 U.S. 582 (1961), where the court held in substance that the legislature might confine its explicit prohibition to those businesses that were "particularly disrupting the intended atmosphere" of the day of rest. In the same vein it is argued that our statutes are arbitrary and discriminatory in permitting the sale of some commodities while prohibiting the sale of others. On its face the act is not arbitrary. For instance, the enumerated prohibitions avoid such necessaries as food and drugs. Since we cannot say that the legislative classification could not be sustained upon any conceivable state of facts, the appellant's attack upon the statute must fail for want of proof that arbitrary classification is involved. *Green Star Supermarket* v. *Stacy,* 242 Ark. 54, 411 S.W. 2d 871 (1967); *Taylor* v. *City of Pine Bluff,* 226 Ark. 309, 289 S.W. 2d 679 (1956), cert. den. 352 U.S. 894 (1956).

Affirmed.