BROWNING'S RESTAURANT et al *v.*
Juanita KUYKENDALL et al

77-413                                    565 S.W. 2d 33

Opinion delivered May 1, 1978
(Division II)

*Catlett & Henderson,* and *Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Wright, Lindsey & Jennings* and *Tom Forest Lovett, P.A.,* for appellees.

*Barber, McCaskill, Amsler, Jones & Hale,* for cross-appellant, United States Fidelity & Guaranty Co.

CONLEY BYRD, Justice. The Workers' Compensation Commission found that claimant Juanita Kuykendall, while an employee of Browning's Restaurant, was totally disabled as a combined result of an injury on February 12, 1973, and a subsequent injury on August 2, 1974. It apportioned the liability for the total disability coverage between the employer's 1973 carrier, United States Fidelity & Guaranty Co., (hereinafter U.S.F. & G.) and Casualty Reciprocal Insurance Co. (hereinafter Casualty Reciprocal), the employer's 1974 carrier, on the basis of 75%—25%, respectively. On appeal to the circuit court liability was apportioned for the two carriers on the basis of 50% for each. The many issues raised on appeal and cross-appeals are hereinafter discussed.

At the hearing before the administrative law judge there was testimony by claimant and her co-workers that claimant put in a full day's work before she fractured her left ankle while working for Browning's Restaurant on February 12, 1973. Claimant and her co-workers testified that after the healing period, claimant returned to work but worked only a four-hour shift. The testimony of the witnesses was that claimant continued to suffer discomfort with her left foot. On August 2, 1974, claimant sprained her left ankle while working for Browning's. In May of 1975, claimant again returned to work but because of the difficulty with her ankle finally terminated her employment in February of 1976.

U.S.F. & G. as the workers' compensation carrier at that time accepted liability for the 1973 injury and made its last payment on July 10, 1973. Following the 1974 injury Casualty Reciprocal accepted liability and paid all applicable benefits including payment for a 25% permanent partial disability to the left leg below the knee.

Dr. Logue, Mrs. Kuykendall's treating physician from 1966, testified that in his opinion Mrs. Kuykendall had completely recovered from her 1974 injury and that the cause of her now total disability was the 1973 injury. In arriving at his conclusions Dr. Logue readily recognized that Mrs. Kuykendall had worked a four-hour shift at Browning's Restaurant following the 1973 injury until the 1974 injury.

The administrative law judge ruled that the claim against U.S.F. & G. was barred by the statute of limitations and held Casualty Reciprocal responsible for the full total disability. While the matter was pending on appeal before the Workers' Compensation Commission, Dr. Logue wrote a letter to counsel for some of the petitioners before the full Commission stating:

"In reviewing the deposition, it is my feeling that on several occasions I did, in fact, specifically state that I found no demonstrable relationship between the August incident (as opposed to the 1973 fracture and previous injuries) and Mrs. Kuykendall's present condition. To the extent the Administrative Law Judge's opinion finds otherwise, I must, of course, disagree from a medical standpoint."

Over the objections of U.S.F. & G. the commission permitted this letter to be introduced into evidence.

For purposes of this appeal and cross-appeal all parties concede that Mrs. Kuykendall is totally disabled.

1.   In accordance with *Tri State Ins.* v. *Employers Mutual Liability Ins.*, 254 Ark. 944, 497 S.W. 2d 39 (1973), we hold that the apportionment of liability between insurance carriers, where the combined effect of a previous and a subsequent injury causes a disability, is a factual determination

to be made by the Commission. Furthermore, in view of the fact that Mrs. Kuykendall was able to work a four-hour shift following the 1973 injury and prior to the 1974 injury, we cannot say that there is no substantial evidence to support the Commission's apportionment, on the basis of 75%—25%, between U.S.F. & G. and Casualty Reciprocal. It follows that the circuit court was in error in making a 50%—50% apportionment.

2. Under Ark. Stat. Ann. § 81-1318 (Repl. 1976), the limitations therein stated run in favor of the employer, and a workers' compensation carrier cannot claim the benefit thereof unless the limitation has also run in favor of the employer. It follows that the Commission properly held that the liability of U.S.F. & G. was not barred by the statute of limitations.

3. Since the Commission, upon substantial evidence, found that Mrs. Kuykendall's total disability resulted from the combined effects of the 1973 and 1974 injuries, it follows that it correctly determined that the payment of permanent and total disability benefits is limited in accordance with Ark. Stat. Ann. § 81-1313(f)(1) (Supp. 1976). See *Wooten v. Mohawk Rubber Co. et al,* 259 Ark. 837, 536 S.W. 2d 734 (1976).

4. In finding that the responsibility of the two carriers should be apportioned on a 75%—75% basis, the Commission in awarding permanent total disability was met with the problem of allowing credit to Casualty Reciprocal for the amount of the permanent partial disability previously paid. We cannot say that the Commission erred in directing U.S.F. & G. to compensate Casualty Reciprocal for its pro rata share of the total permanent disability already paid. Otherwise, U.S.F. & G. would get a free ride at the expense of Casualty Reciprocal for the permanent partial payments already made to Mrs. Kuykendall.

5. U.S.F. & G. complains that the Commission erred in admitting into evidence the letter from Dr. Logue written subsequent to the findings of the administrative law judge. As we view the matter, the letter, which was more in the nature of advocacy than a medical opinion, was of questionable ad-

missibility. However, since the opinion of the Commission shows that the letter was disregarded for purposes of arriving at its decision, we cannot see how U.S.F. & G. is entitled to complain.

Reversed and remanded with directions to enter an order affirming the Workmen's Compensation Commission.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.