## CORNISH WELDING SHOP and TRADERS INSURANCE COMPANY *v.* George GALBRAITH, Employee

CA 82-145                                    639 S.W.2d 68

Court of Appeals of Arkansas
Opinion delivered September 15, 1982
[Rehearing denied October 13, 1982.]

*Brown, Compton & Prewett, Ltd.,* by: *Floyd M. Thomas, Jr.,* for appellant.

*Denver L. Thornton,* for appellee.

LAWSON A. CLONINGER, Judge. On this appeal from a decision of the Arkansas Workers' Compensation Commission, the only issue is whether the claim is barred by the statute of limitations.

Claimant-appellee, George Galbraith, was injured on August 1, 1971 when a piece of steel lodged in his eye while he was welding a bumper on a vehicle. The injury caused a 40% loss of vision in appellant's left eye, and that disability was paid for in a lump sum on May 1, 1972.

In February of 1974, while appellee was sitting at the breakfast table, his left eye went "black." A claim was filed on February 5, 1975 for compensation for the loss of the entire left eye.

This case was before this court previously on the issue of compensability. On September 30, 1980, in the case of *George Galbraith* v. *Cornish Welding Shop et al,* an unpublished opinion, this court found that the injury was compensable and remanded the case to the Commission for consideration of the issues of latent injury and the statute of limitations. In a decision rendered on February 10, 1982 the Workers' Compensation Commission found that the claim was filed within the statute of limitations and awarded appellee benefits for the loss of the entire eye.

We affirm the decision of the Commission.

Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976) provides in part:

> In cases where compensation for disability has been paid on account of injury, a claim for additional

compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of the injury, whichever is greater . . .

The Commission based its decision, we believe correctly, on the fact that the claim was brought within two years from the date of the injury, and a review of the case concerning the time which the statute begins to run from the last payment of compensaton is unnecessary.

Ark. Stat. Ann. § 81-1302 (Repl. 1976) provides as follows:

(d) 'injury' means only accidental injury arising out of and in the course of employment . . .
. . .
(n) 'Time of accident' or 'date of accident' means the time or date of the occurrence of the accidental incident from which injury, disability or death results.

It is apparent that "time of accident" and "injury" do not necessarily coincide. An injury may manifest itself at some time well in the future, at which time it becomes known and the time for filing a claim begins to run.

In *Sanderson and Porter* v. *Crow,* 214 Ark. 416, 216 S.W.2d 796 (1949), the Workers' Compensation Commission disallowed claimant benefits on the basis that it was barred by the statute of limitations. The circuit court on appeal reversed the decision of the Commission and the Arkansas Supreme Court reversed the circuit court. Claimant sustained an injury in May of 1942 when he fell on a steel rod, and compensation claims were paid on August 14, 1942. On December 6, 1946, claimant filed for additional benefits basing his claim on the fact that his present disability was a result of latent injuries he sustained in 1942. The Arkansas Supreme Court held that the evidence was sufficient to support the Commission's finding that claimant's present disability was not the result of a latent injury. The court, however, recognized that in latent injury cases, the statute of limitations begins to run from the date the injury becomes

known. The word "latent" applies to that which is present without showing itself. The court noted that in this case, the claimant's injuries were not latent, but recurrent, that is, the effects of the May 27, 1942 injury recurred with regularity.

In *Donaldson* v. *Calvert-McBride Printing Company*, 217 Ark. 625, 232 S.W.2d 651 (1950), the Arkansas Supreme Court recognized that the date of the injury and the date of the accident for purposes of bringing suit are not necessarily the same. It held that by injury is meant the state of facts which first entitled claimant to compensation so that if the injury does not develop until after the accident, the cause of action arises when the injury develops or becomes apparent and not at the time of the accident. The court approved the rule that in most jurisdictions the period within which a proceeding for the recovery may be instituted, or within which an application or claim may be filed, commences to run when the injury accrues, or when the disabling consequences of the accident or injury become apparent or discoverable, rather than at or from the time of the happening of the accident from which the injury results. In *Donaldson*, the Arkansas Supreme Court recognized that Arkansas is "an injury state."

In *Woodard* v. *I.T.T. Higby Manufacturing Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980), the claimant initially injured his back while working for respondent in 1974 and compensation benefits were paid by the carrier. The claimant re-injured his back both in 1976 and 1978, and benefits were paid for both claims. However, it was not until 1979 that appellant filed a claim for permanent disability benefits. The Workers' Compensation Commission held that the claim was barred by the statute of limitations, and on appeal this court reversed the decision of the Commission. The court recognized that it was not known until 1978 that claimant suffered from a "herniated nucleus pulposis" which allegedly caused the permanent disability. We held that the statute does not begin to run until the employee knows or should reasonably be expected to be aware of the extent or nature of his injury.

In the instant case, appellant, as did the claimant in *Woodard,* had a compensable injury from the start and received workers' compensation benefits from the time of the initial accident. We hold that the statute did not begin to run in this case until appellee knew or should reasonably be expected to be aware of the extent or nature of his injury, and it is clear that appellant was not aware of the extent of his injury until February of 1974.

Affirmed.