Clayton HAMILTON v. JEFFREY STONE COMPANY, et al.

87-143                                    739 S.W.2d 161

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*McMath Law Firm*, by: *Eileen W. Harrison*, for petitioner.

*Michael E. Ryburn*, for respondents.

TOM GLAZE, Justice. This is a workers' compensation case that has been appealed to the court of appeals twice. In the first appeal, appellant argued two points: (1) the statutes of limitations pertaining to silicosis, Ark. Stat. Ann. §§ 81-1314(a)(7) and -1318(a)(2) (Repl. 1976), were unconstitutional because they violated the equal protection clause of the fourteenth amendment to the United States Constitution; but, if constitutional, (2) the statutes should be interpreted to run from the date of discovery or the time at which the claimant knows or should reasonably be expected to know of the injury. The court of appeals, citing *Quality Excelsior Coal Co. v. Smith*, 233 Ark. 67, 342 S.W.2d 480 (1961), held against appellant on his second point, but it remanded the case, specifically directing the Commission to consider and decide the constitutional arguments regarding the silicosis statutes of limitations. *See Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982).

On remand, the Commission upheld the constitutionality of the silicosis limitations statutes, Ark. Stat. Ann. §§ 18-1314 (a)(7) and -1318(a)(2), but in appellant's second appeal, the court of appeals again refused to reach the constitutional ques-

tions although those issues were argued and briefed before the Commission and the court of appeals. Instead, the court of appeals said it need not reach the constitutional issues because even if it held the silicosis statutes of limitations unconstitutional, the appellant was barred under § 81-1318(a)(1), the remaining limitation statute that pertains to what the court labels "general work-related injuries." That statute has been construed to run from the time the employee knows or should reasonably be expected to be aware of the extent or nature of his injury. *See T.J. Moss Tie & Timber Co.* v. *Martin,* 220 Ark. 265, 247 S.W.2d 198 (1952) and *Woodard* v. *ITT Higbie Manufacturing Co.,* 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980). This point was the very contention appellant made and the court of appeals rejected in the first appeal. *Hamilton,* 6 Ark. App. at 336. We granted appellant's petition for review from the second (unpublished) decision, pursuant to Rule 29. We reverse and remand.

The court of appeals clearly was obliged to decide the constitutional issues. It previously remanded appellant's case, rejecting his contention that the silicosis statutes of limitations should run from the date of discovery or when he reasonably should have known that he suffered from silicosis. As a consequence, the Commission decided, per the court's directions on remand, the constitutional issues concerning the silicosis statutes of limitations. Because the case was remanded for the constitutional issues, appellant was in no position to offer evidence concerning when he should have known he suffered from silicosis, nor did the Commission consider that factual question.

Nonetheless, the court of appeals, in appellant's second appeal, made its own finding that the evidence showed appellant reasonably should have known of his silicosis condition. To support that finding, it related the facts that (1) in 1969, he was forced to stop working for Jeffrey Stone Company because of lung trouble, which was diagnosed as tuberculosis and (2) in 1977, while working as a security guard, his lung condition worsened, forcing him to quit that job because of breathing difficulties.[1]

---

[1] The court's opinion also related appellant's doctor advised him to change jobs to get away from the exposure to silica dust. The Commission, instead, found his doctor advised him not to return to the same type work.

Based upon that factual determination, the court held appellant would not be eligible for benefits under the longer or more liberally construed limitation statute relating to "general work-related injuries" even if it ruled the silicosis statutes of limitations unconstitutional.

The court of appeals had no authority to make the factual determination it did so as to avoid the constitutional issues raised by appellant. But, aside from that point, the record reflects those constitutional issues had been remanded to the Commission, decided by it and were clearly ripe for resolution by the court of appeals in the second appeal. Under Ark. Sup. Ct. R. 29(1)(c), cases involving the interpretation and constitutionality of workers' compensation statutes are appealable to the court of appeals. Because jurisdiction to decide such issues is with the court of appeals, we remand this case for it to decide the constitutionality of §§ 81-1318(a)(2) and -1314(a)(7).