Clayton HAMILTON *v.* JEFFREY STONE COMPANY
and The Travelers Insurance Company

CA 86-309                                      752 S.W.2d 288

Court of Appeals of Arkansas
Division II
Opinion delivered June 29, 1988
[Supplemental Opinion on Denial of Rehearing
August 17, 1988.]

*The McMath Law Firm,* by: *Eileen W. Harrison,* for appellant.

*Michael E. Ryburn,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Arkansas Workers' Compensation Commission. Appellant, Clayton Hamilton, now deceased, appeals from a decision of the full Commission dated April 30, 1986, which held that Arkansas Statutes Annotated §§ 81-1314(a)(7) and -1318(a)(2) (Repl. 1976) (recodified at Ark. Code Ann. §§ 11-9-601(g)(1)(B) and 11-9-701(a)(2)(A) (1987)) are valid. We affirm.

Appellant was employed by appellee, Jeffrey Stone Company, from 1957 until 1969 as a rock crusher. In this capacity, appellant was exposed to silica dust. In 1969, appellant was hospitalized and treated for tuberculosis. Appellant was thought to have been cured and was released to return to work; however, his physician advised him not to return to the same type work. Appellant found employment as a security guard, a position he held until 1977 when breathing difficulties necessitated his retirement. In 1980, appellant consulted a different physician who diagnosed his condition as silicosis. Appellant immediately filed a claim for workers' compensation benefits which was denied because the statute of limitations had run.

On the first appeal of this case before the Arkansas Court of

Appeals, appellant challenged the constitutionality of the silicosis limitations statutes, Ark. Stat. Ann. §§ 81-1314(a)(7) and -1318(a)(2). This court in *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), remanded the case to allow appellant the opportunity to argue the constitutional issues for the following reasons:

> In the instant case, appellant failed to properly raise before the Commission the issue concerning the constitutionality of §§ 81-1314(a)(7) and 81-1318(a)(2). Because we have never held, until now, that such issues must be raised first at the Commission level, we believe it would be unfair not to remand this cause in order to allow the appellant the opportunity to present and argue his constitutional issue.

*Id.* at 335-36, 641 S.W.2d at 725. On remand, the Commission upheld the constitutionality of the foregoing statutes and the case was again appealed to this court. In an unpublished opinion by this court, we affirmed the Commission's decision.

Appellant then petitioned the Arkansas Supreme Court for review. Review was granted from this court's unpublished opinion and the supreme court reversed and remanded the case to this court for a decision on the constitutionality of the above statutes stating we "refused to reach the constitutional questions although those issues were argued and briefed before the Commission and the court of appeals." *Hamilton* v. *Jeffrey Stone Co.*, 293 Ark. 499, 739 S.W.2d 161 (1987). Therefore, the instant appeal represents the third appearance of this case before our court.

In approaching questions pertaining to the constitutionality of legislative acts, it is appropriate to keep in mind basic principles regarding the presumptions and burdens of proof involved. It is well settled that before an act may be struck down as unconstitutional, it must clearly appear that the act is at variance with the Constitution. *Handy Dan Improvement Center, Inc.* v. *Adams*, 276 Ark. 268, 633 S.W.2d 699 (1982). There is a presumption of constitutionality attendant to every legislative enactment, and all doubt concerning an act must be resolved in favor of constitutionality. *Holland* v. *Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). If it is possible for the courts to construe an act so that it will meet the test of constitutionality, they not only

may, but should and will do so. *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980). Also, the party challenging a statute has the burden of proving it unconstitutional. *The Citizens Bank of Batesville* v. *Estate of Pettyjohn*, 282 Ark. 222, 667 S.W.2d 657 (1984).

Applying the above law to the case at hand, appellant bears the burden of proving the unconstitutionality of §§ 81-1314(a)(7) and -1318(a)(2) which provide that a claim for compensation for disability from silicosis must be filed with the Commission within one year from disablement, provided disablement is within three years of the last injurious exposure to the hazards of the disease.

## EQUAL PROTECTION

Appellant first argues that the above statutes are unconstitutional as violative of the equal protection clause of the fourteenth amendment to the United States Constitution. Appellant contends these provisions are more restrictive than the statute of limitations placed on industrial accident victims, particularly since the judicial adoption of the "discovery rule" which provides that the limitation period does not begin to run until the claimant knows or should reasonably be expected to know the nature and extent of his injuries. *Woodard* v. *ITT Higbie Mfg. Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980).

In determining whether a classification denies the equal protection of the laws, the court must consider if it has a rational basis and is reasonably related to the purpose of the statute. *Holland* v. *Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). A classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. *Corbitt* v. *Mohawk Rubber Co.*, 256 Ark. 932, 511 S.W.2d 184 (1974).

The Supreme Court addressed the scope of state discretion in *McGowan* v. *Maryland*, 366 U.S. 420 (1961) that:

> Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classifica-

tion rests on grounds wholly irrelevant to the achievement of the States objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. [Citations omitted.]

*Id.* at 425-26.

Here, the legislature could reasonably find that the limitation period established for silicosis victims prevents litigation on claims too old to be successfully investigated and defended. Additionally, the legislature could conclude that the distinction between the limitation periods for silicosis as opposed to accidental injuries is needed because each malady has a different mode of detection and treatment.

█ The record does not contain any indication that this apparently reasonable basis does not exist. Furthermore, while we agree with Justice Glaze that the constitutionality of the statutes are ripe for resolution, the record reveals that appellant did not comply with Judge Glaze's initial instruction to present proof on remand and argue the constitutional issue. The record contains no evidence to support appellant's position. The abstract contains only the requested briefs and opinions of the administrative law judge, Commission, and this court. Appellant did not meet the burden required of him to show that there was no rational basis for the distinction between the limitation period for silicosis versus accident victims. On its face, the silicosis limitation statute is not arbitrary because all silicosis victims are treated alike with regard to the allotted time within which their claims for disability must be filed. Furthermore, the statutes in question grant silicosis victims a greater limitation period than victims of other occupational diseases who must file claims within one (1) or two (2) years after the last injurious exposure to the hazards of the disease.

█ In this case, appellant's constitutional challenge to the silicosis limitations statute must fail for lack of proof that an arbitrary classification is involved or the statute is unsupported by a legitimate governmental interest. Considering the strong presumption of constitutionality and resolving all doubt in favor

thereof, we find that appellant has not clearly demonstrated that Arkansas Statutes Annotated §§ 81-1314(a)(7) and -1318(a)(2) violate the equal protection clause of the United States Constitution. *See Bill Dyer Supply Co.* v. *State*, 255 Ark. 613, 502 S.W.2d 496 (1973); *Green Star Supermarket, Inc.* v. *Stacy*, 242 Ark. 54, 411 S.W.2d 871 (1967).

## DUE PROCESS

As set out under the equal protection portion of this opinion, appellant has not borne his burden of proving a violation of the due process clause. Appellant argues that the statute of limitations for silicosis victims denies due process of law by setting limitation of action periods so brief that they amount to unreasonable denials of rights and remedies due to the slow, insidious nature of the disease.

■ It is clear that the legislature has the power to set the statute fixing the limitation period within which a claimant must file a claim for benefits. As decided in *Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976), the vital question is one of reasonableness, and the courts may not strike down a statute of limitations unless the period before the bar becomes effective is so short that it amounts to a virtual denial of the right itself or it can be said that the legislature has committed palpable error.

■ Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment. *Id.*

■ Here, without sufficient proof to the contrary, we cannot say that the legislative determination of three years from the date of last exposure or one year from disablement is an unreasonably short time for silicosis victims to discover and assert their cause of action. Appellant presented no sufficient proof of record that the limitation period imposes an unreasonably short time for silicosis victims to file claims; therefore, we find no basis to declare it unconstitutional.

Affirmed.

COULSON, J., agrees.

CRACRAFT, J., concurs.

GEORGE K. CRACRAFT, Judge, concurring. I wholeheartedly agree with the reasoning and conclusion of the majority opinion but would enlarge on what I consider the sound basis for our decision that there is simply a total failure of proof to support the argument that these provisions are violative of the Fourteenth Amendment guarantees of equal protection and due process.

Our Workers' Compensation Act places compensable disabilities into two major classifications: (1) disability resulting from injury arising out of the employment; and (2) disability resulting from occupational disease. Silicosis is classified as an occupational disease. The appellant contends that the legislative distinction denies equal protection and due process because the period of limitation on claims for disability resulting from injury is more favorable than that for claims resulting from occupational diseases and because the period of limitation for occupational disease is, in any event, unreasonably short.

The constitutional guarantee of equal protection does not prohibit legislation affording different treatment for persons in different classifications so long as there is a rational basis for the different classifications and they have some reasonable relation to the objectives of the legislation. *Holland* v. *Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). It is also well settled that legislative discretion in setting periods of limitation on actions will not be disturbed on due process grounds unless it appears that the period provided is so short as to amount to a virtual denial of the right. *Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976). All legislative acts are presumed to meet these requirements and will be so construed whenever possible. The burden of proving the contrary rests on the person attacking the validity of the statute. *Holland* v. *Willis, supra.*

This case was initially presented to the Commission on the assumption that constitutional issues could not be determined before that body. On the first appeal of this case we ruled that the issue must be first raised before the Commission in order to preserve it for our review, as this is the only way that a proper record can be made. As this was the first time that declaration had

been made, in fairness to the appellant we remanded the case to the Commission to enable the appellant to present the issue to the Commission and to develop a record for our review. *See Hamilton v. Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982).

This invitation was not fully accepted, however, as the record returned to us for our present review contains nothing, other than the additional written opinions of the administrative law judge, the Commission, and this court, that was not in the original record. There is no evidence tending to show that the legislature established these classifications without a reasonable basis or that the distinction between the two types of disability has no relation to the main objectives of the Act. Nor is there any scientific or other evidence that the period of limitation on silicosis claims is unreasonably short.

In the absence of proof of the legislative history or perhaps expert testimony establishing that the distinction could have no reasonable basis but was arbitrarily established, we cannot conclude that the legislation was invalid. Since the legislation is not arbitrary on its face, we must conclude that the classifications are reasonably based if they can be sustained on any conceivable set of facts. *McGowan v. Maryland*, 366 U.S. 420 (1961); *Handy Dan Improvement Center, Inc. v. Adams*, 276 Ark. 268, 633 S.W.2d 699 (1982); *Bill Dyer Supply Co., Inc. v. State*, 255 Ark. 613, 502 S.W.2d 496 (1973). A number of conceivable reasons for the separate classification of silicosis are discussed in *Gauthier v. Campbell, Wyant & Cannon Foundry Co.*, 360 Mich. 510, 104 N.W.2d 182 (1960); *Graber v. Peter Lametti Construction Co.*, 293 Minn. 24, 197 N.W.2d 443 (1972); and *Holt v. Nevada Industrial Commission*, 94 Nev. 257, 578 P.2d 752 (1978). The most prevalent reasons mentioned were that certain industries might be driven from the state due to the effect that the high incidence of silicosis in those industries would have upon compensation insurance rates and the inability to prove with exactness the time or place of employment at which the disease actually developed.

The appellant argues that there is no present, legitimate end to be gained by the distinction because the justification the legislature once saw has ceased to exist. There is no need for us to determine whether that argument would better be made to the

legislature than this court because the argument is not supported by anything in the record before us for review. The argument is based entirely on excerpts from and statements attributable to various persons in writings, such as medical treatises and statistical studies, which are completely dehors this record, and it is clear that allegations and arguments in briefs which are unsupported by evidence do not provide a proper basis for the determination of factual issues.

I would simply hold as did the Commission:

> There is *no showing* in the record that the distinction between silicosis and accidental injury claims envisioned by the statutes in question is arbitrary or unsupported by a legitimate government interest. The Arkansas General Assembly has concluded that the nature and characteristic symptoms of silicosis warrant a different limitations period than that applied to claims for accidental injuries under § 18 of the Act. There is *no proof* in this record that the limitations period applied to silicosis claims is scientifically unreasonable or diagnostically unsound. There is *no evidence* that this time period imposes potential silicosis claimants with an unreasonably short time for filing their claims. *In short, claimant has produced no evidence* to support a finding that the distinction that our Act makes between silicosis and accidental injury claimants is unreasonable, arbitrary, or capricious so as to violate the Equal Protection Clause of Amendment XIV of the United States Constitution. [Emphasis added.]

Appellant has failed in his burden of proving the statutory provisions to be constitutionally infirm, and the majority opinion properly affirms the decision of the Commission.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### AUGUST 17, 1988

754 S.W.2d 850

PER CURIAM. Appellant petitions for a rehearing pursuant to Ark. Sup. Ct. R. 20. The basis for his request is an absence from the record of certain exhibits introduced into evidence by him in a rehearing before the administrative law judge pursuant to a remand by this court for the purpose of developing issues of constitutionality of the silicosis limitation statutes. Arkansas Statutes Annotated §§ 81-1314(a)(7) and -1318(a)(2) (Repl. 1976). In *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), we noted the general rule that the constitutionality of a statute will not be considered if raised for the first time on appeal, citing *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980). Despite the rule in *Sweeney* and in light of the unusual circumstances of this case, appellant was allowed a rare opportunity "to present and argue his constitutional issue." In that case we emphasized that:

> [A]ppellant failed to properly raise before the Commission the issue concerning the constitutionality of §§ 81-1314(a)(7) and 81-1318(a)(2). Because we have never held, until now, that such issues must be raised first at the Commission level, we believe it would be unfair not to remand this cause in order to allow the appellant the opportunity to present and argue his constitutional issue.

*Hamilton*, 6 Ark. App. at 335-36, 641 S.W.2d at 725.

Following the remand, appellant presented a record and briefs to this court resulting in a denial of his claim in an

unpublished opinion by this court in *Hamilton* v. *Jeffrey Stone Co.*, No. 86-309 (Ark. App. May 6, 1987). The Arkansas Supreme Court granted review from our unpublished decision of May 6, 1987, in *Hamilton* v. *Jeffrey Stone Co.*, 293 Ark. 499, 739 S.W.2d 161 (1987), wherein the supreme court reversed and remanded the case to this court advising that "the record reflects those constitutional issues had been remanded to the Commission, decided by it and were clearly ripe for resolution by the court of appeals in this second appeal." *Id.* at 502, 739 S.W.2d at 163. On remand, this court determined affirmatively the constitutionality of the silicosis statutes of limitations in *Hamilton* v. *Jeffrey Stone Co.*, 25 Ark. 66, 752 S.W.2d 288 (1988).

The chronology of events in this case clearly indicates that appellant had numerous opportunities to insure the completeness of the record. Now for the first time in his petition for rehearing, appellant argues that he was not put on notice that the record lacked evidence he claims was previously submitted. We refuse to depart from the long standing rule that the burden is upon the appellant to bring up a record sufficient to demonstrate that the trial court was in error. Ark. R. App. P. 6(b). *See Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 369 (1986); *City of Star City* v. *Shepherd*, 287 Ark. 188, 697 S.W.2d 113 (1985); *SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983); *McLeroy* v. *Waller*, 21 Ark. App. 292, 731 S.W.2d 789 (1987). It was appellant's responsibility to bring up a sufficient record and a proper abstract thereof. Appellant now advises this court that the record should be supplemented so as to include certain exhibits that should have been included in the record long ago. We refuse to do so and respectfully deny the petition for rehearing.

Petition denied.