The Honorable Jim Lendall State Representative 10625 Legion Hut Road Mabelvale, AR 72103
Dear Representative Lendall:
This is in response to your request for an opinion concerning Act 270 of 1989, codified at A.C.A. 20-16-801 et seq. (Supp. 1989), which requires parental notification in the event a minor seeks to obtain an abortion in Arkansas. Your specific question involves a construction of A.C.A. 20-16-804, which provides in pertinent part as follows:
 Notwithstanding the provisions of 20-16-801 and 20-16-803, [the provisions requiring parental notification] if a pregnant minor or incompetent woman elects not to allow the notification of one or both parents or guardian or custodian, then, in that event:
 (1)(A) Any judge of a probate court shall, upon petition or motion and after an appropriate hearing, authorize a physician to perform the abortion if said judge determines that the pregnant minor or incompetent woman is mature and capable of giving informed consent to the proposed abortion. [Emphasis added.]
Your question, relative to the emphasized language above, is whether the authorization can be granted only in the minor's county of residence, or only in the county where the abortion is to be performed, or in either county, or whether the language of the statute means that the authorization can be given by any probate judge in the state.
While the answer to this question is by no means clear, it is my opinion, after a careful review, that the only way to reasonably and constitutionally construe the statute is to conclude that it allows a pregnant minor the right to seek judicial authorization for an abortion form any probate judge in the state.
The question raised relates to the proper venue for seeking the "judicial bypass" provided in the act. Venue is governed by statute. Thompson v. Dunlap, 244 Ark. 178, 424 S.W.2d 260 (1968). Thus, either the provisions of A.C.A. 20-16-804 govern the proper venue for filing the action, or the other general venue statutes governing actions in this state will control. Was 20-16-804
intended to be venue statute? The statute does not expressly and unarguably set out the proper probate courts in which the pregnant minor may petition. It provides merely that "[a]ny judge of a probate court" shall authorize the abortion if he or she finds the minor mature and capable of giving informed consent. It is unclear whether this phrase means any judge of any probate court in the state, or just any judge who happens to be presiding over the probate court of a particular county on the date in question.
The first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). The crucial words to be construed are "any" and "a". It has been held that the word "any" means "one indifferently". Brown v. Rushing, 70 Ark. 111 (1902). This construction of "any judge of a probate court", however, could mean only one judge "indifferently" of a particular probate court. The more important construction may hinge upon the word "a". Does "a" probate court mean just one (a particular one), or does it mean any probate court? It was stated in State v. Martin, 60 Ark. 343 (1895) that:
 According to Mr. Webster, `a' means one or any, but less `emphatically than either.' It may mean one where only one is intended, or it may be any one of a great number. That is the trouble. Of itself, it is in no sense a term of limitation. . . . Mr. Webster also says: `It is placed before nouns of the singular number, denoting an individual object, or quality individualized.' Quality is defined as (1) `the condition of being of such a sort as distinguished from others; (2) special or temporary character, profession, occupation.' Webst. Dic. The `a' was so used here. The character or profession individualized was that of a judge.
60 Ark. at 353.
It may be, then, that the word "a" in 20-16-804(1)(A) refers to the character of a probate court, and not to one particular probate court. If indeed this statute governs the venue of the "judicial bypass", it may reasonably be concluded that the language "any judge of a probate court" means any judge of any probate court in the state.
In an effort to be thorough, however, reference should be made to the general venue provisions of the state. Title 16, Chapter 60, Subchapter 101 et seq. sets out the proper venue for a number of different types of actions in Arkansas. None of the provisions expressly govern the "judicial bypass" procedure set out in A.C.A.20-16-804. There is, however, a general "catchall" venue statute, A.C.A. 16-60-116, which provides in pertinent part as follows:
 (a) Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned.
This statute is of little help in resolving the question of proper venue in the "judicial bypass" procedure because there is no defendant in that instance. The minor merely petitions the court for authorization. We cannot conclude that this statute has any real application to the issue at hand.
We are then constrained to apply the language of A.C.A.20-16-804(1)(A) itself, and construe it in the most reasonable manner possible. As concluded previously, it is my opinion that the statute is most reasonably construed as allowing the minor to obtain the authorization in any probate court in the state. Of course, other options would be to construe the statute as allowing the minor to obtain the authorization only in her county of residence, or in the county in which the abortion is to be performed, or either. It is my opinion, however, that to construe the statute only as allowing the procedure in the minor's county of residence would subvert the plain meaning of the language. If the legislature had intended to limit venue to the minor's county of residence, it could easily have provided that "any judge of the probate court" could grant the authorization. It is also my opinion that a construction resulting in the authority to seek the procedure in the county where the abortion is to be performed, or alternatively in the county of residence, would not be supported by the language of the statute. The statute simply does not say this.
There is also another reason for construing the statute as allowing the procedure in any probate court in the state. Statutes are to be construed, if possible, as constitutional. Hamilton v. Jeffrey Stone Co., 25 Ark. App. 66, 752 S.W.2d 288
(Ark.App. 1988), reh denied, 297 Ark. 24, 759 S.W.2d 792. See also, Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988). In a few of the federal cases adjudicating the constitutionality of other "parental notification" acts, the issue of the proper venue of the "judicial bypass" procedure has been held to have a bearing on the constitutionality of the statute because it affects the "anonymity" of the minor. A certain measure of confidentiality and "anonymity" is required in such proceedings. Bellotti v. Baird, 443 U.S. 622 (1979), (Bellotti II). If the pregnant minor is constrained to seek judicial authorization in her county of residence the confidentiality of the proceeding may suffer. As was stated in Akron Center for Reproductive Health v. Rosen,633 F. Supp. 1123 (N.D.Ohio 1986), aff'd Akron Center for Reproductive Health v. Slaby, 854 F.2d 852 (1988).
If the minor resides in a small or rural county, she may be recognized and receive no anonymity, particularly if she is from a prominent family.
633 F. Supp. at 1144.
The district court, however, apparently misinterpreted the venue provisions of the statute in issue in Akron, because the Sixth Circuit, in affirming the overall decision, found that the statute allowed the minor to obtain the consent in her county of residence, any neighboring county, or the county in which the abortion was to be performed. The Sixth Circuit recognized that this provision effectively allowed the minor to obtain the authorization in any county in the state because of course she could choose the county in which to have the abortion. The Sixth Circuit concluded that this provision was not in itself constitutionally defective. 854 F.2d 866.
The extent to which a venue statute governing this issue must allow "anonymity" is still an uncertain question. There are two federal cases concerning parental notification currently pending before the United States Supreme Court. They are Akron, supra, and Hodgson v. State of Minnesota, 853 F.2d 1452 (8th Cir. 1988). As was noted above, in Akron, the Sixth Circuit found in favor of the constitutionality of a venue provision which effectively provided for venue in any county in the state. The Eighth Circuit, in Hodgson, was not faced with the issue. It is my opinion, however, that the issue is of constitutional significance; and, therefore, a statute which could reasonably be construed so as to alleviate the possibility of a constitutional defect of this nature, will be so construed. See Hamilton, supra.
Based upon all of the foregoing, it is my opinion that A.C.A.20-16-804(1)(A) allows a pregnant minor to seek judicial authorization for an abortion in any probate court of the state.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.