Mr. Wayne Ball, Chairman Arkansas Auctioneer's Licensing Board 221 West Second, Suite 228 Little Rock, AR 72201
Dear Mr. Ball:
This is in response to your request for an opinion concerning the licensure of nonresident auctioneers. Specifically, you inquire as to whether -nonresident auctioneers fall within the "grandfather clause" which permits certain auctioneers to become licensed without taking a written examination.
The relevant law is Act 26 of 1989, which is now codified at A.C.A. 17-17-101 et seq. This act creates the Auctioneer's Licensing Board and provides for the first time for the licensure of both resident and nonresident auctioneers. One of the licensure requirements is the taking of a written examination. The "grandfather clause" to which you refer in [is] found at Section 5 of the act.* It provides as follows:
 The provisions herein requiring an applicant to pass a written examination shall not apply to any auctioneer who makes application to the board by July 31, 1990, furnishing satisfactory proof to the board that he actively engaged in the auction business for a period of at least one (1) year prior to the effective date of this act, or that he has been the principal auctioneer in at least five (5) auctions of personal property during this period of time. The application and proof shall be accompanied by a bond and license fee in accordance with the provisions of this act, and the board will, after review and approval, issue a license to said auctioneer. ___________. *
This section is not codified in the Code due to its temporary nature. It appears, however, in the publisher's note preceding17-15-301. ____________
The provision above does not mention residency of the auctioneer and appears to apply to residents and nonresidents with equal force. Established rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502
(1985). In construing the act, however, each provision must be read in light of every other provision. Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958). There is another section of the act which pertains specifically to the licensure of nonresidents. Section 10 of Act 266 of 1989, now codified at A.C.A. 17-15-304
and 305, provides in pertinent part as follows:
 (a) A nonresident of this state may become a licensed auctioneer in this state by registering with the board and confirming in writing that his actions will be regulated by this chapter and other applicable laws of this state as stated in this section and 17-15-305 and 17-15-306.
 (b)(1) In every instance the nonresident must pay the issuance fee, and the annual renewal fee and file the bond required by this chapter.
. . .
 (a) A person holding a license to engage in auctions issued to him by a proper authority of a state, territory, or possession of the United States of America or the District of Columbia having licensing requirements comparable to Arkansas and who in the opinion of the board otherwise meets the requirements of this chapter may upon application be licensed without further examination.
 (b) Nothing in this section and 17-15-304 and 17-15-306 shall prevent the conducting of any auction in this state by any nonresident auctioneer from another state if such auctioneer is duly licensed by such other state and the other state, through reciprocity, permits a resident of this state who is an auctioneer duly licensed to conduct auctions in this state to conduct auctions in such other state without being required to obtain a license in such other state. . . .
The section above operates to exclude nonresident auctioneers who are licensed in other states from the written examination requirement. If they are so licensed, they may, upon approval of the board, be licensed without taking the written exam. A.C.A.17-15-305(a). If, additionally, they are licensed in a state allowing "reciprocity," they are not required to obtain an Arkansas license at all. It is not necessary for these two classes of auctioneers to rely on the "grandfather clause" to exempt them from the requirement of the written exam. They are otherwise exempted. The only nonresidents who must rely on the "grandfather clause" to exempt them from the written exam are those auctioneers who are unlicensed in any other state.** It appears that they must take the exam, unless they fall within the provisions of the "grandfather clause." It is my assumption that it is this class of auctioneers to which your question refers. ___________. ** Also included are those applicants whose state of licensure does not have requirements comparable to Arkansas', or those applicants whom the board determines do not otherwise meet the requirements of A.C.A. 17-15-301 et seq. ___________.
It is my opinion that an ambiguity exists in the statute as to whether these nonresident auctioneers are to be included in the "grandfather clause." The language of the "clause" itself does not make a distinction between residents and nonresidents. There is, however, another whole section of the act devoted to the licensure of nonresidents. It appears that the provisions of the act, when viewed together, may tend toward a conclusion that these nonresidents were not intended to be included in the "grandfather clause." It is my opinion, however, that the act should not be given this construction.
It is an established statutory maxim that statutes are to be construed, if possible, as constitutional. Hamilton v. Jeffrey Stone Co., 25 Ark. App. 66, 752 S.W.2d 288 (Ark.App. 1988) reh. denied, 25 Ark. App. 66, 754 S.W.2d 850 (1988), review denied,297 Ark. 24, 759 S.W.2d 792 (if it is possible for the courts to construe an act so that it will meet the test for constitutionality, they not only may, but should and will do so). It is my opinion that if the act were construed so as to exclude nonresidents from the operation of the "grandfather clause," its provisions might run afoul of Article IV, Section 2 of the United States Constitution (the "Privileges and Immunities Clause"). As was stated in Sklar v. Byrne, 727 F.2d 633 (7th Cir. 1984):
 Grandfather provisions always grant preferences to a special group, and newcomers or those who never arrive in the favored area rarely share the benefits. We recognize that such clauses create a risk of political exploitation working to the disadvantage of unfavored classes, and courts must certainly scrutinize grandfather clauses to learn whether they are masks for exploitation or invidious discrimination. . . .
727 F.2d at 639.
Discrimination against nonresidents is valid if: (1) there is a substantial reason for the difference in treatment; and (2) the discrimination bears a substantial relationship to the state's objective. Friedman v. Supreme Court of Virginia, 822 F.2d 423
(4th Cir. 1987), aff'd 487 U.S. 59 (1988). It is my opinion that there is no substantial reason for distinguishing between the experienced resident auctioneers and the experienced nonresident auctioneers which are the subject of your question. Neither has ever been licensed before. Each may have relied to the same extent on previous law. An auctioneer who lives just outside the state but who conducts a sizeable portion of his business in Arkansas may have a reliance interest equal to that of a resident auctioneer, who may also conduct a portion of his business in other states. Exempting the resident auctioneer from the written examination by virtue of a "grandfather clause," but requiring the nonresident who is equally qualified, to take the exam, is in my opinion a classification based solely upon residence, and is, in this instance, without "substantial reason." See Friedman, supra. The board is required in each instance under the "grandfather clause" to undertake a review of the qualifications of each applicant. There is no evidence to indicate that this review would be more difficult with nonresident applicants, thus prompting a blanket requirement of a written exam for these applicants. It is thus my opinion that the "grandfather clause" should be construed as exempting both resident and nonresident applicants from the written examination.
Of course, after the time period stated in the "grandfather clause" expires, both unlicensed Arkansas residents and nonresidents who are not licensed in any other state*** will be required to take the written examination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham. ___________. *** See also n. 2, supra.